IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CLARENCE BROWN,                      )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        CV 108-114
                                     )
RONALD STRENGTH, Sheriff, et al.,    )
                                     )
                Defendants.          )

---

## O R D E R

---

After a careful, *de novo* review of the file, the Court concurs, in part, with the
Magistrate Judge's Report and Recommendation (R&R), to which objections have been
filed.[1]  The majority of Plaintiff's objections are without merit;  however,  Plaintiff's
objection regarding the dismissal of the deliberate indifference claims concerning his medical
treatment does merit further comment.  (Doc. no. 17).

As an initial matter, the Magistrate Judge recommended dismissal of Plaintiff's
complaint for failure to state a claim upon which relief can be granted.  The majority of
Plaintiff's objections address Plaintiff's allegation concerning the segregation of inmates

---

[1]Plaintiff has also filed a motion for leave to add defendants.  (Doc. no. 19).  That
motion will be addressed *infra*.

who are HIV/AIDS positive and his argument that this type of segregation is unlawful. However, as noted by the Magistrate Judge:

> Plaintiff's claim does not form a basis for relief. In <u>Harris v. Thigpen</u>, 941 F.2d 1495 (11th Cir. 1991), the Eleventh Circuit held that, in the absence of any other allegations, the involuntary placement of HIV prisoners in separate HIV dorms does not violate the prisoners' constitutional rights. <u>Id.</u> at 1521. Further, any encroachment this segregation had on the privacy rights of inmates with HIV was reasonable in light of the "inmate interests at stake (both [HIV] and general population), and the difficult decisions that the [Department of Corrections] must make in determining how best to treat and control . . . the spread of a communicable, incurable, always fatal disease." <u>Id.</u>

(Doc. no. 12, p. 5). Therefore, Plaintiff's objections concerning segregation and the results thereof are without merit.

In addressing Plaintiff's claim for deliberate indifference to his medical needs, the Magistrate Judge noted that Plaintiff did not allege that any of the named Defendants had participated or were aware of the events surrounding the alleged deliberate indifference. Plaintiff, in his objections, now states that Deputy Turner and Nurse Lee are the individuals who purportedly acted with deliberate indifference to his medical needs. (Doc. no. 17, pp. 4-7; doc. no. 19). Indeed, simultaneously with filing his objections, Plaintiff filed a motion to amend in which he seeks to add Deputy Turner and Nurse Lee as Defendants in the above captioned case. (Doc. no. 19).

Federal Rule of Civil Procedure 15(a) provides in pertinent part, "[a] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While leave to amend is generally freely given, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), it is by no means guaranteed.

<u>Addington v. Farmer's Elevator Mut. Ins. Co.</u>, 650 F.2d 663, 666 (5th Cir. Unit A 1981). "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, <u>Federal Practice and Procedure:</u> Civil 2d § 1473. However, the decision on whether to grant a motion to amend is within the sound discretion of the trial court. <u>Addington</u>, 650 F.2d at 666. "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." <u>United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Ind. v. Georgia Power Co.</u>, 684 F.2d 721, 724 (11th Cir. 1982) (quoting <u>Foman</u>, 371 U.S. at 182). Here, Plaintiff seeks to cure a pleading deficiency noted by the Magistrate Judge, namely that Plaintiff failed to name the defendants responsible for his alleged deliberate indifference to his medical needs claims. As it appears that there has been no undue delay in filing, bad faith or dilatory motives, or prejudice to the opposing parties, he shall be permitted to file an amended complaint.

However, a review of Plaintiff's motion to add defendants reveals that Plaintiff intends for the Court to read his motion for leave to add defendants in conjunction with his original and amended complaint. (Doc. no. 19, p. 8). The Court notes that the preferred method for amending a complaint is to include all allegations in one document. <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir. 1999). Thus, Plaintiff is directed to file an amended complaint, to address only his allegations concerning deliberate indifference to his medical needs, and identify the defendants he intends to name, in one document, within fifteen (15)

3

days of the date of this Order. The Court cautions Plaintiff that this amendment extends only to Plaintiff's proposed claims of deliberate indifference against Deputy Turner and Nurse Lee. The Court will not revisit claims that have previously been dismissed, nor will it consider claims that have not previously been raised. Therefore, Plaintiff's motion to add defendants (doc. no. 19) is **MOOT**. Plaintiff's amended complaint should be filed in accordance with the following instructions.[2]

The amended complaint shall supersede and replace in its entirety the previous complaint filed by Plaintiff. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). It must be printed legibly or typed so that the Court may discern Plaintiff's claims. It must contain a caption that clearly identifies, by name, each party that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his

---

[2]The **CLERK** is **DIRECTED** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order.

amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[3] Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to his lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order his claims concerning medical deliberate indifference that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff has complied with the conditions of this Order, his amended complaint will be reviewed in accordance with 28 U.S.C. § 1915A to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If no amended complaint is submitted within fifteen (15) days from the date of this Order, the Court will pursue this case in accordance with the Report and Recommendation (doc. no. 12).

All other objections are **OVERRULED**. Accordingly, the Report and

---

[3]For example, Plaintiff should not simply state, "See attached documents."

Recommendation of the Magistrate Judge, is **ADOPTED** as modified herein. Therefore, Plaintiff's claims for unlawful segregation based on his HIV/AIDS status, for denial of access to the courts, and for improper handling of his grievances are **DISMISSED** from the case.

SO ORDERED this 16th day of March, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE