FILED
U.S. DISTRICT COURT
[illegible] DIV.

2009 SEP 11 AM 10:40

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CLARENCE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 108-114 |
| ) | |
| RONALD STRENGTH, Sheriff; W. ) | |
| JOHNSON, Major; F/N/U TURNER, ) | |
| Deputy Jailor; CAROLINE LEE, Director ) | |
| of Nursing; and RICHMOND COUNTY ) | |
| JAIL, ) | |
| ) | |
| Defendants. ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, formerly an inmate incarcerated at the Richmond County Jail in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. The Court recommended dismissal of Plaintiff's complaint because he failed to state a claim upon which relief could be granted. (Doc. no. 12). The Court's

recommendation was adopted in part by the District Judge. (Doc. no. 24). The District Judge noted that Plaintiff attempted to cure one of the pleading deficiencies noted by the Court in the Report and Recommendation, and therefore instructed Plaintiff to file an amended complaint . (Id.). Plaintiff submitted an amended complaint (doc. no. 42), and it is this document that the Court will now review.

I. SCREENING OF THE AMENDED COMPLAINT

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. In his amended complaint, Plaintiff names as Defendants: (1) Ronald Strength, Sheriff, (2) William E. Johnson, Major, (3) Ms. Turner, Deputy Jailor, and (4) Caroline Lee, Director of Nursing. (Doc. no. 42, p. 1). The events forming the basis of Plaintiff's amended complaint occurred at the Richmond County Jail ("the Jail"). Plaintiff claims that Defendants Turner and Lee were deliberately indifferent to his health. (See generally doc. no. 42).

More specifically, Plaintiff maintains that he is under chronic care for HIV/AIDS, diabetes, and high cholesterol. (Id. at 2). Plaintiff alleges that he was incarcerated at the Jail on June 18, 2008. (Id.). On June 23, 2008, he was called to "medical" for a doctor appointment; however, according to Plaintiff, Defendant Turner did not allow Plaintiff to leave the housing area. (Id.). As a result, Plaintiff missed his appointment. On July 21, 2008, Defendant Turner refused to allow Plaintiff out of his cell for pill call; he claims she also refused to allow Plaintiff to take his medication. (Id.).

According to Plaintiff, on July 17, 21, and 22, 2008, he submitted 3 sick call slips because he had been having chest pain for three to four days. (Id. at 3). Plaintiff also informed Defendant Lee that he had been having chest pain at the July 23 or 24, 2008 pill

2

call. (Id.). Defendant Lee advised Plaintiff to submit another sick call slip. (Id.). Plaintiff claims that he was not seen by any medical personnel for 2 ½ weeks. (Id.). Similarly, on August 11, 12, and 13, 2009, Plaintiff put in three sick call slips concerning a boil in his mouth. (Id.). Plaintiff notes that because of the boil, he was unable to eat. (Id.). Plaintiff maintains that he was not seen by any medical personnel for eight days. (Id.).

Plaintiff believes that as a result of the delay in treatment he received – by both Defendants Turner and Lee – his medical problems developed into to chronic issues such as swelling of his feet and ankles, soreness in his mouth, and general weakness. (Id.). As relief, Plaintiff seeks $3,000,000 for Defendants Turner's and Lee's purported deliberate indifference to his medical needs. (Id. at 4-5).

## II. DISCUSSION

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 24, p. 4) (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id.). Upon review of the amended complaint, the Court finds that Plaintiff no longer names one of the original Defendants as a party to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendant the Richmond County Jail, this Defendant should be dismissed from this lawsuit.

Furthermore, liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds

3

that the amended complaint fails to state a claim for relief against Defendants Strength and Johnson. That is, while Plaintiff lists Defendants Strength and Johnson as Defendants, he does not assert any allegations of wrong doing regarding these Defendants in his statement of claims. In fact, Plaintiff does not mention Defendants Strength and Johnson in his statement of claims. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."))). Thus, in the absence of an allegation of any connection between any actions of Defendants Strength and Johnson with any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants. On that basis, Defendants Strength and Johnson should be dismissed.

To the extent that Plaintiff blames Defendants Strength and Johnson for the acts of their subordinates regarding Plaintiff's claims of deliberate indifference to his health, without alleging any personal involvement, his claims fail. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior*

4

or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000)(citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor-employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged that Defendants Strength and Johnson actually participated in the events forming the basis of Plaintiff's claims of deliberate indifference to his health. Moreover, Plaintiff has not proffered any reason to support that these Defendants violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between the above-named Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor [or

---

[1]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated

employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Strength and Johnson. Accordingly, Plaintiff's claims against these Defendants should be dismissed.

## III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Defendants Strength, Johnson, and the Jail, be **DISMISSED** from the case.[2]

SO REPORTED and RECOMMENDED this 11th day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

occurrences." Brown, 906 F.2d at 671 (emphasis added).

[2]By separate Order, the Court has directed that service of process be effected on Defendants Turner and Lee based on Plaintiff's claim for deliberate indifference to his medical needs.

6