IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLARENCE BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 108-114 |
| CAROLINE LEE, Director of Nursing, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. (Doc. no. 48). As an initial matter, the Magistrate Judge recommended dismissal of Defendants Strength, Johnson, and the Richmond County Jail because Plaintiff failed to state a claim against these Defendants. (Doc. no. 46). The Magistrate Judge also directed that service of process be effected on Defendants Turner and Lee based on Plaintiff's claim for deliberate indifference to his medical needs. (Doc. no. 45).

Plaintiff objects to the recommendation that Defendants Strength and Johnson be dismissed. (Doc. no. 48, pp. 9-11). Plaintiff argues that contrary to the Magistrate Judge's finding, Plaintiff not only listed Defendants Strength and Johnson in the caption of the complaint, but also addressed them in his statement of claim. (Id. at 9). Furthermore, Plaintiff contends that these Defendants should not be dismissed because a causal connection

can be established where a history of widespread abuse is shown. (Id. at 10). Plaintiff maintains that Defendants Strength and Johnson were on notice of widespread abuse from the grievances Plaintiff submitted. (Id.).

More specifically, Plaintiff takes issue with the Magistrate Judge's determination that Plaintiff failed to assert any allegations of wrong doing against Defendants Strength and Johnson in Plaintiff's statement of claim. (Doc. no. 48, pp. 9-11). The extent of Plaintiff's reference of these Defendants in his amended complaint is as follows:

> All sick calls, letter to Ronald Strength, Sheriff; W. Johnson, Major, Grievances and letters to Internal Affair, Civil Division, that Plaintiff Submitted to the Court in this action filed 08-12-2008[.]

(Doc. no. 42, p. 4).

The Magistrate Judge correctly determined that the above statement is not an allegation of wrong-doing by Defendants Strength and Johnson. To the extent that Plaintiff argues that this passage somehow establishes that Defendants Strength and Johnson should be held liable based on their supervisory capacities because they were on notice of widespread abuse, his objection is without merit. Plaintiff states that Defendants Strength and Johnson were on notice that Plaintiff was purportedly not receiving the proper medical treatment because of the letter and grievances filed by Plaintiff. Notably, however, alleging that he filed grievances and a letter with Defendants Strength and Johnson does not satisfy the burden of putting a supervisor on notice of a widespread problem or otherwise show that the supervisor was directly involved with Plaintiff's alleged claims. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information

2

contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions). Likewise, Plaintiff has no constitutional claim against Defendants Strength and Johnson based on any alleged mishandling of the grievances. See Wildberger, 869 F.2d at 1467-68 (affirming lower court decision that "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution").

As such Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge, is **ADOPTED**. Therefore, Defendants Strength, Johnson, and the Richmond County Jail are **DISMISSED** from the case.

SO ORDERED this 19th day of October, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE