IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CLARENCE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 108-114 |
| | ) |
| FRANCES TURNER, Deputy Jailor and | ) |
| CAROLINE LEE, Director of Nursing, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 91).[1] The Magistrate Judge recommended that each Defendant's motion for summary judgment be granted and that Plaintiffs' motions for summary judgment be denied. The Magistrate Judge concluded that Plaintiff had failed to show that either Defendant was deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (Doc. no. 86.)

In his objections, Plaintiff takes issue with several statements from the "Facts" section of the R&R, arguing that they are not directly relevant to his claims of delayed medical treatment and interference with prescribed treatment. (See generally doc. no. 91.) Plaintiff also asserts that both Defendant Turner and Defendant Lee lied in their affidavits,

---

[1] Defendant Turner has responded to Plaintiff's objections. (Doc. no. 92.)

and that his affidavits, along with the grievances and sick call forms he has submitted, suffice to show their deliberate indifference to his medical needs and his resulting injuries. (Id.)

Upon consideration, the Court concludes that Plaintiff's objections to the R&R lack merit. The Magistrate Judge's characterization of the facts reflects the evidence in the record, and the inclusion of contextual facts that are not determinative of Plaintiff's claims does not form the basis for a valid objection. Moreover, Plaintiff has offered nothing in support his assertions regarding the alleged untruthfulness of statements in Defendants' affidavits, and such assertions do not change the fact that Plaintiff has failed to show evidence sufficient to survive summary judgment. In particular, as noted by the Magistrate Judge, the fact that Defendant Turner was generally aware of Plaintiff's HIV-positive status is insufficient to show that she was aware of any specific risk urgently requiring that Plaintiff see a doctor on June 23, 2008. See Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). In addition, the evidentiary materials submitted by Plaintiff – which consist of affidavits, grievances, and sick call forms – do not contain the requisite "verifying medical evidence" that "establish[es] the "detrimental effect" of the alleged delay in his medical treatment, which is necessary to prevail on his delayed treatment claims. See Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002). Rather, the only indication in the record that Plaintiff suffered the injuries complained of as a result of Defendants' conduct comes in the form of unproven allegations in his complaint, which are insufficient at the summary judgment stage to carry Plaintiff's burden of showing an injury caused by Defendants' actions. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). The Court

therefore finds that Plaintiff's objections do not warrant departure from the conclusions in the R&R.

For the reasons set forth above, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motions for summary judgment are **DENIED** (doc. nos. 74, 75), each Defendant's motion for summary judgment is **GRANTED** (doc. nos. 60, 63, 65, 66, 67), a final judgment shall be **ENTERED** in favor of Defendants Turner and Lee, and this civil action is **CLOSED**.

SO ORDERED this 23rd day of February, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA